**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **SHERYLL D. ESTES**<br>a/k/a Sheryll Downing<br>a/k/a Sheryll Ford<br>a/k/a Sheryll Bulkley<br>f/d/b/a Dorothy Star Home Health LLC<br>    DEBTOR | **CHAPTER 13 BANKRUPTCY**<br>**CASE NO. 14-35216**<br>(DISCHARGED - DEEMED CURRENT) |
| **SHERYLL D. ESTES**<br>    PLAINTIFF<br><br>vs.<br><br>**NEWREZ LLC, D/B/A SHELLPOINT**<br>**MORTGAGE SERVICING,** AS<br>SUCCESSOR IN INTEREST TO DITECH<br>FINANCIAL LLC.<br>    DEFENDANT | **AP NO.** (SEE FILE STAMP) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

CONCERNING  WILLFUL VIOLATION OF THE CONFIRMED CHAPTER
13 PLAN, THE DISCHARGE INJUNCTION, THE DEEM CURRENT
ORDER, FAILURE TO CREDIT PAYMENT RECEIVED UNDER
A CONFIRMED PLAN, AND RELATED RELIEF

TO:   TO THE HONORABLE MARVIN ISGUR,
      UNITED STATES BANKRUPTCY JUDGE

**THE PRESENT POSTURE OF THE BANKRUPTCY MAIN CASE**

1.      On September 24, 2014 the Debtor, Sheryll D. Estes ("Ms. Estes") filed

her main case.  (ECF 1)[1].   The confirmed plan in the main case provided for conduit

payments to her mortgage servicing company.  On October 2, 2019 the Court entered

---

[1] "(ECF ___)", when used in this complaint is intended to represent the corresponding document as
maintained by this Court on its ECF / PACER system in relation to the bankruptcy filed by Ms. Estes,
Case No. 14-35216.

its order deeming her mortgage current in reliance on the mortgage servicing company's response to the notice for final cure.  (ECF 85).  On December 16, 2019 the Order Discharging Debtor was granted to Ms. Estes.  (ECF 95).

2.      The Bankruptcy Court retains jurisdiction to rule upon and enforce its orders and provisions of the Bankruptcy Code and Rules.

**THE PARTIES AND PROPERTY**

3.      Ms. Estes was the debtor in the discharged main case, and is the Plaintiff in regard to this adversary proceeding.  The homestead of Ms. Estes was included in her main case wherein pre-petition arrearages and conduit payments were made.

4.      NewRez, LLC, which is doing business as Shellpoint Mortgage Servicing ("Shellpoint"), is the successor in interest from a servicing standpoint for Ditech Financial LLC. ("Ditech").  Ditech acquired the servicing of the loan post-petition by merger with Green Tree Servicing ("Green Tree").  Shellpoint is the current mortgage servicer in regard to Ms. Estes' homestead.

5.      The homestead of Ms. Estes is identified as LOT 18, IN BLOCK 3, OF CREEKSIDE VILLAGE, SECTION ONE (1), A SUBDIVISION IN MONTGOMERY COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN CABINET X, SHEETS 122-128 OF THE MAP RECORDS OF MONTGOMERY COUNTY, TEXAS, and commonly known as 28702 Little River Court, Spring, TX 77386 ("home").

## THE GRAVAMEN OF THE ADVERSARY PROCEEDING

6.     Both Ms. Estes' mortgage arrearage and ongoing (conduit) payments on her home mortgage were paid by the Chapter 13 Trustee to her mortgage servicing company.

7.     At the time Ms. Estes filed her main case, Green Tree was her servicing company.  During the main case, Green Tree merged with Ditech.  Ditech remained the servicing company throughout the remainder of Ms. Estes' main case, and immediately after her discharge.

8.     After the completion of the plan and pursuant to the deem current order, Ms. Estes resumed paying her mortgage payments directly to the mortgage servicer. However, Ditech unilaterally determined that Ms. Estes was behind in making her mortgage payments.  On information and belief Ditech created an arrearage by applying post-deem current payments to pre-discharge sums that have been satisfied or otherwise deemed current.

9.     Shortly after Ditech's own liquidating bankruptcy in the Southern District of New York, Shellpoint acquired the servicing rights to Ms. Estes mortgage beginning on or about January 1, 2020.

10.     Presumably, Shellpoint acquired all of the relevant records from Ditech as to Ms. Estes' mortgage.   Nonetheless, Shellpoint has continued to attempt to collect sums satisfied by Ms. Estes' bankruptcy.

11.    Further, before the transfer, Ditech submitted negative information to credit reporting services advising that Ms. Estes was behind post-discharge in making her mortgage payments.  It is believed that Shellpoint is continuing with this practice.

## THE JURISDICTION AND AUTHORITY OF THE BANKRUPTCY COURT IN REGARD TO THE ADVERSARY PROCEEDING

12.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334, as well as pursuant to the Southern District of Texas General Order 2012-6.  Venue is proper for this Court pursuant to 28 U.S.C. § 1409, and for the reason that Ms. Estes' main case was filed in this Bankruptcy Court.   This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157.  For the reason that this adversary proceeding arises under alleged violations of 11 U.S.C. §§ 105, 524, 1327, 1328, and/or the orders of this Court, bankruptcy provisions and rules, the subject matter of this adversary proceeding involves the "public rights".   As such, this Bankruptcy Court has a right to issue a final judgment in this case in accordance with the exceptions in *Stern v. Marshall*, 564 U.S. 462 (2011).  *Also see, In re DeRosa*, 544 B.R. 339, 362-364 (Bankr. S. D. Tex. 2016).   Should it be necessary, Ms. Estes consents to the entry of a final order or judgment by this Court.  *Wellness Int'l Network LTD. v. Sharif*, 135 S. Ct. 1932, 1947 (May 26, 2015).  Also, *DeRosa* at 362-364.

## FACTUAL BACKGROUND IN SUPPORT OF THE CAUSES OF ACTION STATED

13.    On February 10, 2006 Ms. Estes, along with Kevin W. Estes, who was her husband at the time, entered into a Note with Ledge Mortgage, Inc. for the purchase of her home.  Among other things the Note arranged the financing of $146,261.00 at a

fixed interest rate of  6.25%.  Principal and interest payments in the amount of $900.55 were to commence on April 1, 2006 and thereafter each payment was due on the first day of each month until March 1, 2036.  The Note allows for the Lender to charge a late fee in the amount of 4.000% of the overdue amount of each payment required by the security instrument if the Lender has not received the full monthly payment by the end of 15 calendar days after the payment is due.

14.    On February 10, 2006 Ms. Estes and Kevin Estes entered into a Deed of Trust to secure the Note.   The Deed of Trust allows for the creation of an escrow account.

15.    On October 31, 2007 Ms. Estes and Kevin Estes were granted a divorce by the 9th Judicial District Court in and for Montgomery County, Texas, Case No. 07-08-08470.  Ms. Estes was awarded the home.

16.    On October 20, 2009, as a condition of the divorce, Kevin Estes, as the grantor, issued a Special Warranty Deed to Ms. Estes, as the grantee, which deeded his marital interest in the home to her.  The Deed was filed in the Montgomery County, Texas property records on December 13, 2013, Document No. 2013132654.

17.    On September 24, 2014 a Voluntary Petition was uploaded on behalf of Ms. Estes in the main case pursuant to 11 U.S.C. § 301(a).  (ECF 1).  This petition constituted an order for relief pursuant to 11 U.S.C. § 301(b).

18.    The commencement of the main case created a bankruptcy estate, pursuant to 11 U.S.C. § 541, which included the home.

19.     On September 24, 2014 a list of creditors was uploaded on behalf of Ms. Estes in the main case pursuant to 11 U.S.C. § 521(a)(1)(A) and F. R. Bankr. P. 1007(a)(1).  (ECF 1).  The Matrix included Green Tree at the following address -  345 St. Peter St., 600, St. Poul[2] MN 55102 ("Green Tree address").

20.     On September 24, 2014 Ms. Estes' bankruptcy schedules and statement of financial affairs were uploaded in the main case.  (ECF 1).  Therein:

   a.     Schedule A – Real Property - disclosed the home.

   b.     Schedule C – Property Claimed as Exempt – claimed the home exempt pursuant to 11 U.S.C. § 522(d)(1).

   c.     Schedule D – Creditors Holding Secured Claims – disclosed Green Tree with a secured claim and an arrearage claim.

   d.     Schedule J – Your Expenses – did not provide for direct ongoing payments on the home.

   e.     Statement of Financial Affairs - No. 3 - disclosed prior payments made to Green Tree.

21.     On September 24, 2014 an original Uniform Plan and Motion for Valuation of Collateral and  a Plan Summary and Statistical Cover Sheet to Proposed Plan  was uploaded on behalf of Ms. Estes in the main case pursuant to 11 U.S.C. §§ 1321, 1322 and BLR 3015-1(a).  (ECF 2).  Therein, ¶4 - Secured Claim for Claim Secured Only by a Security Interest in Real Property that is the Debtor(s)' Principal Residence (Property to

---

[2] Although the Matrix address stated "St. Poul"  the United States Postal Service recognizes the address as being "St. Paul".  https://tools.usps.com/zip-code-lookup.htm?byaddress

be Retained) - Provided for payments on the home to Green Tree for both the arrearage and on-going payments through the Trustee as the conduit.

22.    On September 24, 2014 a Certificate of Counseling, wherein Ms. Estes certified that she received credit counseling on August 31, 2014, was uploaded in the main case pursuant to 11 U.S.C. § 521(b).  (ECF 3).

23.    On October 7, 2014 a Notice of Appearance was filed by Michael Zientz of the law firm Mackie Wolf Zientz & Mann, P.C., on behalf of Green Tree.  (ECF 15).  The address provided in this notice was Parkway Office Center, Suite 900, 14160 North Dallas Parkway, Dallas, TX 75254 ("Zientz address").   The email provided per this notice was mzientz@mwzmlaw.com ("Zientz email address").

24.    On October 15, 2014 the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines was uploaded in the main case pursuant to F. R. Bankr. P. 2002(a)(1) and BLR 2002-1(c).  (ECF 16).  According to the BNC[3] certificate of notice uploaded on October 17, 2014, the Notice was sent to Green Tree by electronic transmission, the Zientz address and the Zientz email address.  (ECF 18).

25.    On October 17, 2014 the Chapter 13 Trustee's Notice of Confirmation and Plan Summary was uploaded in the main case.   (ECF 17). According to the BNC certificate of notice uploaded on October 19, 2014, the Notice and Plan Summary was sent to Green Tree by electronic transmission and the Zientz email address.  (ECF 19).

---

[3] The Bankruptcy Noticing Center (BNC), established by the Administrative Office of the U.S. Courts (AOUSC), provides a centralized process for preparing, producing, and sending bankruptcy court notices by mail or electronic transmission. http://ebn.uscourts.gov/

26.    On November 7, 2014, the Meeting of Creditors was held in the main case pursuant to 11 U.S.C. § 341.  Ms. Estes attended the meeting pursuant to the requirement of BLR 2003-1(a).  The meeting was concluded.

27.    On December 1, 2014 an Assignment of Deed of Trust was efiled in the Montgomery, Texas property records, Document No. 2014115374, to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Lodge Mortgage, Inc., It's Successors and Assigns.

28.    On December 8, 2014 the Certificate of Debtor Education was uploaded on behalf of Ms. Estes.  (ECF 27).

29.    On December 15, 2014 an Amended Uniform Plan and Motion for Valuation of Collateral was uploaded on behalf of Ms. Estes.  There was no substantive change to the treatment of Green Tree's secured claim on the home.  (ECF 28).

30.    On December 17, 2014 the Court entered its Order confirming Ms. Estes' plan.  (ECF 34 and 28).  According to the BNC certificate of notice filed in the main case on December 19, 2014, this order was sent to Green Tree via electronic notice and Zeintz was notified at the Zeintz email address.

31.    On January 12, 2015 Chelsea M. Schneider ("Schneider") of the law firm Mackie Wolf Zientz & Mann, P.C. filed Proof of Claim 4-1 on behalf of Everbank as the secured creditor on the home Note. ("POC 4-1). Separate notice and payment addresses were provided for Green Tree in POC 4-1.

32.    On February 18, 2015 Schneider, on behalf of Everbank, filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges.  (ECF 37).

33.    On February 26, 2015 the Trustee filed his Notice of Intent to Disburse Adjusted Mortgage Payment.  (ECF 38).  The Trustee advised that he would slightly decrease Ms. Estes' mortgage conduit payment from $1,271.15 to $1,270.03 in compliance with POC 4-1.  A copy of this notice was electronically sent to Zientz and Schneider.

34.    On April 13, 2015 the Trustee filed his Notice of Adjustment to Plan Payment.  (ECF 40).  To provide for the Notice of Postpetition Mortgage Fees, Expenses and Charges (ECF 37) Ms. Estes' plan payment was increased by $12 to $1,762.00.  According to the BNC certificate of notice uploaded on April 15, 2015 this Notice was sent electronically to Zientz email address and to Schneider.  (ECF 43).

35.    Green Tree combined with Ditech to form Ditech effective on August 31, 2015.  Ditech assumed the servicing of Ms. Estes' mortgage.  No notice of transfer of claim was filed pursuant to F. R. Bankr. P. 3001(e).

36.    On September 29, 2015 Schneider, on behalf of Ditech, filed a Notice of Mortgage Payment Change as it pertained to POC 4-1.  (ECF 45).  This notice advised of an increase to Ms. Estes' escrow payment from $369.47 to $441.35 for a new total conduit payment of $1,341.91 to begin on November 1, 2015.

37.    On November 2, 2015 a Motion to Modify Confirmed Plan was uploaded on behalf of Ms. Estes.  (ECF 46).  The purpose of the modification was to provide for the IRS proof of claim amended postpetition.  Otherwise, there was no substantive change to the treatment of payment to Ditech per POC 4-1.  According to the certificate

of service (ECF 46-4), Ditech was notified at the Green Tree address and Zientz was notified at the Zientz address and email address.

38.   On December 9, 2015 the Trustee uploaded the Notice of Schedule of Home Mortgage Payments that itemized payments made to Green Tree during the period beginning December 2014 and ending November 2015.  (ECF 51).  According to the certificate of service, Ditech was notified at the Green Tree payment address on POC 4-1.  According to the BNC certificate of notice dated December 11, 2015 both Zientz and Schneider were sent notice through the Court's CM/ECF electronic mail system.  (ECF 52).

39.   On December 14, 2015 the Notice of Trustee's Intent to Pay Claims was uploaded in the main case.   (ECF 54).   This notice provisioned for the conduit payments, arrearage and supplemental claim of Green Tree, now Ditech.  It was served on Green Tree in care of Zientz and also provided to Zientz at the Zientz email address.

40.   On December 29, 2015 an Assignment of Deed of Trust was E-Filed in the Montgomery County, Texas property records listing Everbank as the assignor and Ditech as the assignee, Document No. 2015125014.

41.   On January 14, 2016 the Court issued its Order Confirming Chapter 13 Plan Modification and Valuing Collateral Pursuant to 11 U.S.C. § 506.   (ECF 55). According to the BNC certificate of notice uploaded on January 16, 2016 (ECF 56), the Order was provided twice to Green Tree (now Ditech) electronically at bankruptcy.bnc@gt-cs.com Jan 14 2016 21:03:03, and was sent to Zientz and Schneider via the court's CM/ECF electronic mail system.

42.    On November 2, 2016 John J. Rafferty with the law firm of Buckley Madole, P.C., uploaded a Notice of Mortgage Payment Change on behalf of Ditech. (ECF 57).  This notice advised that the escrow account on Ms. Estes' home would be decreased from $441.35 to $360.19 and, effective on December 1, 2016 the conduit payment would be $1,260.75.

43.    On December 9, 2016 the Trustee uploaded the Notice of Schedule of Home Mortgage Payments in the main case which itemized payments made to Green Tree during the period beginning December 2015 and ending November 2016. According to the certificate of service attached, this notice was sent to Green Tree (Ditech) at its payment address as contained on POC 4-1.  (ECF 58).  Notice was not provided to John Rafferty or Buckley Madole because it was not requested.  This notice was also sent to Zientz and Schneider through the court's CM/ECF electronic mail system.  (ECF 59).

44.    On January 9, 2017 the Trustee uploaded his Notice of Adjustment to Plan Payment in the main case.  (ECF 60).  Therein it notified a decrease in Ms. Estes' plan payment by $85.00, to a payment of $1,915.00.  On information and belief this Notice was electronically sent to Zientz and Schneider.

45.    On March 6, 2017 Zientz filed a new Notice of Appearance in regard to Ditech.  (ECF 64).  He again provided the Zientz address and email address for notice purposes.

46.    On November 3, 2017 Evan S. Singer of the Padgett Law Group filed a Notice of Mortgage Payment Change on behalf of Ditech.  (ECF 65).  This notice

advised of an increase in Ms. Estes' escrow account from $360.19 to $374.99 and that effective December 1, 2017 the new payment of principal, interest and escrow would be $1,275.55.

47.    On December 6, 2017 the Trustee uploaded a Notice of Schedule of Home Mortgage Payments in the main case which itemized payments made to Green Tree during the period beginning December 2016 and ending November 2017.  (ECF 67).  According to the BNC certificate of service it was sent to Green Tree (now Ditech) at the payment address on POC 4-1 and electronically sent to Zientz and Schneider.  A copy was not sent to Evan S. Singer of the Padget Law Group as such notice was never requested.

48.    On December 12, 2017 the Trustee filed his Notice of Adjustment to Plan Payment.  (ECF 69).  This notice advised of a $16.00 increase to make Ms. Estes' plan payment $2,131.00 effective December 1, 2017.  On information and belief Zientz and Schneider both were sent electronic notice via the Court's CM/ECF system.

49.    On November 5, 2018 Ditech filed a Notice of Mortgage Payment Change. (ECF 73).  This notice advised that due to an escrow change Ms. Estes' escrow payment would be lowered from $374.99 to $353.77 and that effective December 1, 2018 Ms. Estes' conduit payment would be $1,254.33.

50.    On November 21, 2018 the Trustee filed his Notice of Adjustment to Plan Payment which advised that Ms. Estes' plan payment would decrease by $22,00 and effective on December 1, 2018 Ms. Estes' total payment would be $2,359.00.  (ECF 75).

On information and belief Zientz and Schneider both were sent notice via the Court's CM/ECF system.

51.     December 5, 2018 the Trustee uploaded his Notice of Schedule of Home Mortgage Payments in the main case which itemized payment made to Green Tree during the period beginning December 2017 and ending November 2018.  (ECF 79). This notice contained the following clear warning:  UNLESS AN OBJECTION IS FILED IN WRITING WITH THE CLERK OF THE COURT WITHIN 21 DAYS OF THE DATE ON WHICH THIS DOCUMENT WAS FILED AND SERVED, THE NOTICE OF SCHEDULE HOME MORTGAGE PAYMENTS WILL BE FINAL AND BINDING ON ALL PARTIES WITHOUT A HEARING AND WITHOUT FURTHER NOTICE. (Emphasis exact).    A copy of this notice was sent to Green Tree (now Ditech) at the payment address on POC 4-1 and, Zientz and Schneider both were sent notice via the Court's CM/ECF system.

52.     On February 11, 2019 Ditech filed Chapter 11 bankruptcy in the United States Bankruptcy Court in the Southern District of New York, Manhattan Division, Case No. 19-10412.  ("Ditech Bankruptcy Court").  The United States Bankruptcy Court for the Southern District of Texas was not informed of Ditech's bankruptcy in regard to Ms. Estes or her mortgage.

53.     On or about June 18, 2019 Shellpoint entered into an Asset Purchase Agreement ("APA") with Ditech to purchase substantially all of the forward assets of Ditech, subject to approval by the Ditech Bankruptcy Court.

54.    On August 28, 2019 Jessica Holt ("Holt") of the law firm Mackie Wolf Zientz & Mann, P.C., on behalf of Ditech, filed a Notice of Mortgage Payment Change in the main case. (ECF 81). This notice advised that due to an escrow change Ms. Estes' escrow payment would be lowered from $353.77 to $303.33 and that effective October 1, 2019 Ms. Estes' payment of principal, interest and escrow would be $1,203.89.

55.    On September 6, 2019 the Trustee filed his Notice of Final Cure Payment and Motion to Deem Mortgage Current. (ECF 82). It directed Ms. Estes to resume making payments directly to Green Tree (now Ditech) in the amount of $1,203.89 to the payment address as contained in POC 4-1 beginning October 1, 2019. Notice was provided to the Zientz address and email address.

56.    On or about September 26, 2019 the Ditech Bankruptcy Court approved Shellpoint's Asset Purchase Agreement with Ditech, which included the Mortgage servicing Rights ("MSR") concerning Ms. Estes' home mortgage.

57.    On September 26, 2019 Ms. Estes sent money orders totaling $1,203.89 to Ditech for her October 1, 2019 mortgage payment.

58.    On September 27, 2019 Shelly K. Terrill with RAS Crane, LLC filed a Response to Notice of Final Cure on behalf of Ditech. (ECF 84). Therein, Ditech agreed that the full amount to cure the prepetition default had been paid and that Ms. Estes was current with all postpetition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow and costs. Ditech averred that Ms. Estes' next postpetition payment was due on 10/1/2019.

59.    On October 2, 2019 the Court entered its Order Deeming the Mortgage Current.  (ECF 85).  Therein the Court ruled:  "The claims of the above-listed creditor(s) are deemed current as of 9/30/2019.  All escrow deficiencies, if any, are deemed cured and the escrow amount is deemed properly funded as of the date of this order.  All legal fees, inspection fees and other charges imposed by the creditor, if any, are deemed satisfied in full.  The creditor shall be solely responsible for any shortfall or failure to respond to the Trustee's notice and motion".  According to the BNC certificate of notice filed on October 4, 2019, the Order was sent to Green Tree, Ditech, Schneider, Holt, Zientz and Terrill (of RAS Crane).

60.    On October 7, 2019 Ditech dated a mortgage statement addressed to Ms. Estes' home in which it claimed a past unpaid balance of $3,712.55 and a total payment amount of $4,916.44.   This statement reflected a current balance of $290.50 as pre-petition arrearages but stated "The Payment Amount does not include any amount that was past due before you filed for bankruptcy".  The payment due date for the total payment amount of $4,916.44 was November 1, 2019.

61.    On October 30, 2019 the Trustee uploaded his Notice of Plan Completion and Eligibility for Discharge Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 in the main case.  (ECF 87).  Pursuant to the BNC certificate of notice uploaded on November 1, 2019 this Notice was sent to Schneider, Holt, Zientz and Terrill via the Court's CM/ECF electronic mail system.  (ECF 90).

62.    On October 30, 2019 Ms. Estes paid her November 1, 2019 mortgage payment in the amount of $1,203.89.

63.    On November 22, 2019 Ms. Estes uploaded her Certification and Motion for Discharge.  (ECF 93).  The certificate was provided to Schneider, Holt, Zientz and Terrill via the Court's CM/ECF electronic mail system.

64.    On November 26, 2019 Ms. Estes paid her December 1, 2019 mortgage payment by ACH transaction to Ditech in the amount of $1,203.89.

65.    On December 16, 2019 the Court issued its Order Discharging Debtor. (ECF 95).  Therein, it admonished:  "**Creditors cannot collect discharged debts** This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees."  According to the BNC certificate of notice uploaded on December 18, 2019 the Order was sent to Ditech, Green Tree, Schneider, Holt, Zientz, & Terrill.  (ECF 96).

66.    On December 16, 2019 Ditech dated a mortgage statement addressed to Ms. Estes at her home in which it claimed a past unpaid balance of $3,611.67 and demanded a total payment amount of $4,815.56.   This statement reflected a current balance of $290.50 as pre-petition arrearages but stated "The Payment Amount does not include any amount that was past due before you filed for bankruptcy".   The payment due date for the total payment amount of $4,815.56 was January 1, 2020.

67.    On December 31, 2019 Ms. Estes paid her January 1, 2020 mortgage payment in the amount of $1,203.89 by ACH transaction.

68.    On January 16, 2020 Ditech dated a mortgage statement addressed to Ms. Estes at her home address in which it claimed a past due amount of $1,203.89 and demanded a payment of $2,455.94 on February 1, 2020.  This statement also notified Ms. Estes that a "late charge asmt" of $48.16 was added on 01/16/2020.

69.    On January 31, 2020 Ms. Estes paid her February 1, 2020 mortgage payment in the amount of $1,203.89 by ACH transaction.

70.    On February 14, 2020 the Trustee issued his Final Report and Account. (ECF 99).  Among other things, this report disclosed the payments made to Green Tree including: $4,006.00 for prepetition mortgage arrearage pursuant to POC 4-1, $625.00 pursuant to the Notice of Postpetition Mortgage Fees, Expenses and Charges under Rule 3002.1(c) (ECF 37)  and $76,936.36 in ongoing or conduit mortgage payments.

71.    On February 14, 2020 Ditech prepared a Notice of Servicing Transfer from Ditech to Shellpoint effective March 1, 2020.  It states that Ditech will stop accepting mortgage payments on February 29, 2020.  It states Shellpoint will collect the mortgage payments beginning on March 1, 2020.

72.    On February 18, 2020 Ditech, on behalf of Shellpoint, mailed a statement to Ms. Estes in which it claimed an unpaid balance of $1,252.05 and demanded a payment of $2,455.94.  It demanded the payment from Ms. Estes of $2,455.94 no later than March 1, 2020 to Shellpoint.

73.    On February 24, 2020 Ditech sent a Notice of Past Due Amount to Ms. Estes.  It stated that she was past due $1,252.05, including a $48.16 late charge.

74.    On March 16, 2020, having received no communication directly from Shellpoint, Ms. Estes took it upon herself to go online and claimed her account with Shellpoint.   Her account with Shellpoint stated that she owed $2,407.78, including amounts that she was behind.  She paid Shellpoint her March 1, 2020 payment of $1,203.89.

75.    On March 26, 2020 Ms. Estes was notified by Credit Karma that Ditech had added a missed payment on her credit report.

76.    On April 1, 2020 Ms. Estes went back online with Shellpoint to pay her April 1, 2020 mortgage payment.  However, this time the computer system refused to allow her to make this payment because it was considered to be a partial payment.  By this, she was not allowed to pay her $1,203.89 payment without paying the arrearages Shellpoint was now claiming as being owed.  Later, Ms. Estes was able to authorize the payment of $1,203.89 over the telephone with Shellpoint, but Shellpoint still showed a larger amount owed due to a supposed mortgage arrearage.

77.    As a result of the direct attempts by Shellpoint, as the successor in interest to Ditech, to collect amounts predating the deem current date ordered by the court, Ms. Estes has suffered much frustration, anxiety and mental anguish or distress that is more than fleeting and inconsequential.  This has manifested itself with Ms. Estes in a number of manners, including but not limited to violation of the core bankruptcy rights; headaches; loss of sleep; anxiety; shock of conscience; impaired enjoyment of

life; a sense of dread; a sense of failure; a lack or diminution of self-worth; a significant amount of stress; the feeling of  harassment; distraction; fear of loss of her home or loss of money to save her home, especially during a pandemic; inability to concentrate adequately on work, family duties and obligations; and/or sense of embarrassment and discomfort that is greater than the general level of embarrassment and discomfort felt in filing bankruptcy or for the inability to pay a debt or bill.

## WILLFUL VIOLATION OF THE CONFIRMED PLAN

78.    The confirmed Plan of Ms. Estes constituted, and constitutes, a new contract between Shellpoint, as the successor in interest to Ms. Estes mortgage account, and Ms. Estes.  *See generally, In re Stratford of Tex., Inc.,* 635 F.2d 365, 368 (5th Cir. 1981); *In re Dow Corning, Corp.*, 456 F.3d 668, 676 (6th Cir. 2006) ("the plan is effectively a new contract between the debtor and its creditors") (citing *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n,* 997 F.2d 581, 588 (9th Cir. 1993); and, *In re Padilla*, 379 B.R. 643 (Bankr. S.D. Tex. 2007), among others.

79.    The willful violation of the confirmed plan is compensable pursuant to Tex. Civ. Prac. & Rem. Code § 38.001 of the Texas Civil Practices and Remedies Code and/or 11 U.S.C. § 105.

## WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION

80.    The discharge of the bankruptcy of Ms. Estes created an injunction prohibiting the collection of any satisfied debt or claim (or portion of any debt or claim) from Ms Estes personally or individually pursuant to 11 U.S.C. § 524(a)(2) and/or (3) for which no exception exists pursuant to 11 U.S.C. § 524(b).

81.   The willful violation of the Discharge Injunction is compensable pursuant to 11 U.S.C. § 105.

## WILLFUL FAILURE TO CREDIT PAYMENTS
## RECEIVED UNDER A CONFIRMED PLAN

82.   11 U.S.C. § 524(i) provides for a private cause of action for the willful failure of Shellpoint, as the successor in interest to Ditech on Ms. Estes' mortgage account, to credit payments in accordance with the confirmed plan in the main case.

83.   The willful failure to credit payments received under a confirmed plan is compensable pursuant to 11 U.S.C. §§ 524(i) and/or 105.

## WILLFUL VIOLATION OF THE DEEM CURRENT ORDER

84.   The Court entered an order in the main case deeming Ms. Estes current in their mortgage payment pursuant F. R. Bankr. P. 3002.1(h).

85.   The willful violation of the Court's deem current order is compensable pursuant to 11 U.S.C. § 105 and contempt, if not as an adjunct to 11 U.S.C. § 524(i).

## ENFORCEMENT OF THE ORDER, INJUNCTIONS AND/OR RULES

86.   The facts averred herein substantiate that Ms. Estes' has complied with the requirements of the main case and completed her confirmed plan.  Further, there is evidence that she resumed making direct payments on her home mortgage pursuant to the deem current order.  She seeks declaratory relief from her mortgage account is current with all payments.  Further, she requests that Defendant be required to report to any and all credit reporting companies that her mortgage account is current with no late payments due.

87.     Due to the conduct or action of Shellpoint, as the successor in interest to Ditech regarding Ms. Estes' mortgage account, as described, it may become necessary for this Court to take action to enforce the injunctions, orders, Bankruptcy Code provisions and rules resulting from main case, including, but not limited to:

a.     Finding Shellpoint in contempt for failing to abide by the orders, injunctions, Bankruptcy Code provisions and rules pursuant to 11 U.S.C. § 105;

b.     Issuing any declaratory judgment to determine the threshold questions of law, facts, rights, claims, or debts of all parties to this adversary proceeding, the violations of Shellpoint, the jurisdiction of this Court and/or any actual controversy that may exist pursuant to 28 U.S.C. § 2201; and/or

c.     Issuing any further or more specific injunctions to better define or curtail the acts or conduct of Shellpoint in the future pursuant to 11 U.S.C. § 105.

**AWARD OF ACTUAL DAMAGES**

88.     An award of actual damages is required to cover the value of any loss including, but not limited to, any out-of-pocket expenses or cost; personal time of Ms. Estes in participating and cooperating in this adversary proceeding through trial and any appeal; and, the manifestations suffered as described in the Factual Background above which has resulted from the mental anguish of Ms. Estes.

89.     As an award of actual damages, it was necessary to employ Charles (Chuck) Newton and the lawyers of the law firm, Charles Newton and Associates, to

represent Ms. Estes in advising, preparing and participating in this adversary proceeding. Further, Sheila Deason, Ms. Estes bankruptcy attorney, has expended time, fees, costs and expenses in regard to the specific matters as stated above, as well as assisting Charles Newton & Associates in its duties in this regard.

## AWARD OF PUNITIVE DAMAGES

90. An award of punitive damages is requested by Ms. Estes pursuant to the United States Supreme Court standard for properly imposing same. First, Shellpoint, as the successor in interest to Ditech, received fair notice of the possibility of an award of punitive damages. Second, as evidenced by the main case, Ms. Estes' financial vulnerability is evident. Third, the harm or injury inflicted on Ms. Estes is more than economic in nature. Fourth, if the conduct or actions of Shellpoint, as the successor to Ditech, had been allowed to succeed, the fresh start of Ms. Estes would have further been imperiled. Fifth, the injury in this case is hard to detect; and/or the monetary value of noneconomic harm is difficult to determine. *See, BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

## AWARD OF INTEREST

91. Any award of damages should contain an award of prejudgment interest.

92. Any judgment issued by this Court should allow for the accrual of interest for any unpaid balance at the rate for federal judgments, as based on the average prices of U.S. Government Securities per 28 U.S.C. § 1961.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Ms. Estes that the Court will:

*Original Complaint*
*Estes vs. Shellpoint*

1.     Require Shellpoint to correct Ms. Estes' mortgage account to show her current in her payments, and to report the same to any and all credit reporting companies;

2.     Find that Shellpoint, as the successor in interest to Ditech, violated the provisions of the confirmed Plan and such violation was willful and/or intentional;

3.     Find that Shellpoint, as the successor in interest to Ms. Estes to Ditech, violated the provisions of the order of discharge issued by this bankruptcy and such violation was or is willful and/or intentional;

4.     Find that Shellpoint, as the successor in interest to Ditech, violated the deem current order entered and such violation was or is willful and/or intentional;

5.     Enforce the orders, rules and injunctions of this Court or the Bankruptcy Code or Rules as necessary, including, but not limited to, a finding of contempt on the part of Shellpoint, as the successor in interest to Ms. Estes mortgage account, the issuance of any declaratory judgment, and/or the issuance of any injunction;

6.     Sanction or award against Shellpoint, as the successor in interest to Ditech, all actual damages for all financial and non-financial harm or injury incurred by Ms. Estes;

7.     Sanction or award against Shellpoint, as the successor in interest to Ditech, and to Ms. Estes, and for the benefit of Chuck Newton, all of the attorneys' fees, costs and expenses incurred with Chuck Newton, and the law firm of in representing her in these matters;

8.      Sanction or award against Shellpoint, as the successor in interest to Ditech, and to Ms. Estes, and for the benefit of Sheila Deason, all of the attorneys' fees, costs and expenses incurred by the law firm in representing her in the matters particular to this adversary proceeding;

9.      Sanction or award against Shellpoint, as the successor in interest to Ditech, and to Ms. Estes emotional distress damages;

10.     Sanction or award against Shellpoint, as the successor in interest to Ditech, and to Ms. Estes punitive damages;

11.     Award prejudgment interest;

12.     Award postjudgment interest; and

13.     Grant any and all other relief in equity or in law to which Ms. Estes may be entitled.

Respectfully submitted,

**CHARLES NEWTON & ASSOCIATES**
**NEWTONS.LAW**
Attorneys for Sheryll D. Estes
in the adversary proceeding
190 N. Millport Circle
The Woodlands TX 77382
Phone (281) 681-1170, Ext. 101
Fax (281) 901-5631


_____
**CHARLES (CHUCK) NEWTON**
chuck@newtons.law
Texas Bar No. 14976250
SDTX Bar No. 27900

**JANE NEWTON**
jane@newtons.law
Texas Bar No. 14977700
SDTX Bar No. 27901
Phone (281) 681-1170, Ext. 102

**PATRICIA (PJ) NEWTON**
pj@newtons.law
Texas Bar No. 24099751
SDTX Bar No. 3137542
Phone (281) 681-1170, Ext. 103

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Complaint was served on the following parties, not otherwise served by summons, via electronic means, if possible, otherwise by the means stated below:

Sheryll D. Estes                                         MAIL (No)
Debtor / Plaintiff                                       FAX (No)
28702 Little River Dr                                    EMAIL (Yes)
Spring, TX 77386

Sheila K Deason                                          MAIL (No)
Sheila Deason Law Firm                                   FAX (No)
*Atty. for Debtor*                                       EMAIL (deason@1stcounsel.com)
4606 Cypress Creek Pkwy
Ste 400
Houston, TX 77069

DATED: May 12, 2020.

_____
**CHARLES (CHUCK) NEWTON**